KEVIN V. RYAN, CSBN 118321
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAYA C. CAMARA,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of Department of Homeland Security; ALBERTO R. GONZALES, United States Attorney General; EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services; DAVID N. STILL, District Director of United States Citizenship and Immigration Services, San Francisco District,<br><br>    Respondents | Case No. 06-7552 SBA<br><br>**ANSWER** |

Respondents hereby submit their answer to Petitioner's Petition for Review of a Denial of Petitioner's Naturalization Application by the United States Citizenship and Immigration Services.

**I. STATEMENT OF FACTS**

1. Respondents admit the allegations in Paragraph One.

2. Respondents admit the allegations in Paragraph Two.

3. Respondents deny the allegations in Paragraph Three.

4. Respondents admit that after the plaintiff was married, she obtained an immigrant visa as an unmarried daughter of a U.S. citizen and was admitted on October 24, 1993, at San Francisco,

1  California.

2      5. Respondents admit the allegations in Paragraph Five.

3      6. Respondents deny the allegations in Paragraph Six.

4      7. Respondents are without sufficient information to admit or deny the allegations in
5  Paragraph Seven; however, there were some evidence that has been submitted indicating that a
6  court hearing was held in which the marriage was declared void *ab initio*. Respondents deny the
7  last sentence which indicates that the judgment conclusively establishes that the purported
8  marriage was not valid for immigration purposes.

9      8. Respondents admit the allegations in Paragraph Eight; however, Respondents deny the last
10 statement in Paragraph Eight.

11     9. Respondents admit the allegations in Paragraph Nine.

12     10. Respondents admit the allegations in Paragraph Ten.

13     11. The allegations contained in Paragraph Eleven consist solely of Petitioner's conclusions of
14 law for which no answer is necessary, but insofar as answers may be deemed necessary, the
15 allegations in Paragraph Eleven are denied.

## II. JURISDICTION STATEMENT

**A. Jurisdiction**

The Paragraph under the sub-heading "Jurisdiction" consists of Petitioner's allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents deny that this Court has jurisdiction under any of the provisions cited in this Paragraph.

**B. Intradistrict Assignment**

The Paragraph under the sub-heading "Intradistrict Assignment" consists of Petitioner's allegations regarding intradistrict assignment, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents are without sufficient information or knowledge to either admit or deny that Petitioner's allegations regarding intradistrict assignment.

### III. UNDER PHILIPPINE LAW, MS. CAMARA'S MARRIAGE WAS VOID *AB INITIO* SUCH THAT SHE LAWFULLY ENTERED THE UNITED STATES AS AN UNMARRIED DAUGHTER

The allegations contained in the unnumbered paragraphs under the heading "Under Philippine Law, Ms. Camara's Marriage Was Void *Ab Initio* Such That She Lawfully Entered the United States as an Unmarried Daughter" consist solely of Petitioner's conclusions of law and/or characterizations of this action for which no answer is necessary, but insofar as answers may be deemed necessary, the allegations in these Paragraphs are denied.

### IV. IT IS NOT NECESSARY TO "RELATE BACK" THE VOID AB INITIO DECISION OF THE PHILIPPINE COURT TO INVALIDATE MS. CAMARA'S 1991 MARRIAGE

The allegations contained in the unnumbered paragraphs under the heading "It Is Not Necessary to 'Relate Back' the Void Ab Initio Decision of the Philippine Court to Invalidate Ms. Camara's 1991 Marriage" consist solely of Petitioner's conclusions of law and/or characterizations of this action for which no answer is necessary, but insofar as answers may be deemed necessary, the allegations in these Paragraphs are denied.

### V. IT WAS NOT PROPER TO FIND THAT MS. CAMARA LACKED GOOD MORAL

The allegations contained in the unnumbered paragraphs under the heading "It Was Not Proper to Find That Ms. Camara Lacked Good Moral" consist solely of Petitioner's conclusions of law and/or characterizations of this action for which no answer is necessary, but insofar as answers may be deemed necessary, the allegations in these Paragraphs are denied.

### VI. REQUESTED RELIEF

The remaining paragraph under the heading "Relief Requested," consists of Petitioner's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Respondents deny this paragraph.

### FIRST AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Petitioner fail to state a claim upon relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject

1 | matter jurisdiction.

2 | WHEREFORE, Respondents pray for relief as follows:

3 | That judgment be entered for Respondents and against Petitioner, dismissing Petitioner's
4 | Complaint with prejudice; that Petitioner take nothing; and that the Court grant such further relief
5 | as it deems just and proper under the circumstances.

6 | Dated: February 9, 2007                    Respectfully submitted,

7 |                                            KEVIN V. RYAN
                                               United States Attorney
8 |

9 |                                                    /s/
                                               EDWARD OLSEN
10|                                            Assistant United States Attorney
                                               Attorneys for Respondents

Answer
C06-7552 SBA                                   4