# Exhibit 9

# RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

IN RE: _Maya Camara_      FILE NO: _A 44 289 385_

EXECUTED AT: _Oakland, California_      Date: _12/20/2004_

Before the following officer of the U.S. D.H. S.
Citizenship and Immigration Services: _Tiffany Yuen_

I, _Maya Camara_

Acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding _____.
He/she has told me that my statement must be made freely and voluntarily. I am willing to make such a statement. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.

Being duly sworn, I make the following statement:

1. Have you ever been married? _Yes_

2. How many times have you been married? _Three, but only once legally_ and to whom and when did you get married? _Anthony Gonzales both times. Invalid - 1991. legal - 1995_

3. Where you ever married prior to 10/24/1993, when you immigrated to the United States, anywhere in the world? _Yes, but not legally_

4. Did you ever marry prior to your immigration to the United States, in a court or a church? _Yes, but not legally_

5. Were you single at the time you immigrated to the United States? _Yes._

6. Have you filed any type of marriage certificate in the Philippines, prior to 10/24/1993? _Yes, but it was not legally valid._

7. Have you ever had any type of "secret" Marriage? _no_

8. Why did you not identify your children at the time you immigrated to the United States? _At the time I immigrated, I did not want to bring my family because I only came to take care of my father. Later, I changed my mind._

9. Where your children born legitimate or illegitimate? _My son was illegitimate_

I understand that all my statements must be truthful and correct. False testimony will result in the denial of my application and may affect future applications for five years.

_Maya Camara Camara_
_____
Signature of Applicant for naturalization

Subscribed and sworn to before me this_____ day of _DEC 20 2004_ 200_ at _Oakland, California_

_____
District Adjudications Officer

I-215W

DHS0059

# RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

IN RE: _Maya CAMARA_          FILE NO: _A 44 289 385_

EXECUTED AT: _Oakland, California_          Date: _12/20/2005_

Before the following officer of the U.S. D.H.S.
Citizenship and Immigration Services: _Tiffany Yuen_

---

I, _Maya CAMARA_

Acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding _my legally invalid marriage_ .

He/she has told me that my statement must be made freely and voluntarily. I am willing to make such a statement. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.

Being duly sworn, I make the following statement:

I married in 1991, but it was not a legally valid marriage. It was a marriage without a marriage license. My attorney says that under Philippine law, this was a void marriage, not a voidable one. Even though I got the total court declaration of nullity in 2003, the marriage was invalid from the beginning, as if it were a marriage and did not become invalid in 2003. Please see my attorney's brief for a more thorough explanation. Furthermore, when I went in for the embassy interview, the officer never asked about my marital status, and I made no statements about it.

_Maya Cañete Camara_
Signature of Applicant for naturalization

Subscribed and sworn to before me this_____ day of _DEC 20 2005_ 200__ at _Oakland, California_

_Tiffany Yuen_
District Adjudications Officer

I-215W

DHS0060

# Exhibit 10



Direct all responses by mail to the office listed below:
IMMIGRATION AND NATURALIZATION SERVICE
630 Sansome St # 2ND Fl    Reception
San Francisco CA  94111

**U.S. Department of Justice**
*Immigration and Naturalization Service*

Maya Canete Camara
294 Avalon Drive
Daly City CA  94015

**Refer to this file:** WSC*001048821
**Alien Number:**   A 044 289 385
**Date:**     20

## DECISION

On December 20, 2004, you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316(a) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days of the date of this notice.** If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the Immigration and Naturalization office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a fee of $250**. A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

David N Still
District Director

Cc: Attorney, Michael J. Gurfinkel

CIS:DIADN:Tyuen:01122005

DHS0038

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

A44 1289A38 5 S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

20

Sent To  Maya  C.  Camara
Street, Apt. No.; or PO Box No.  294  Avalon  Dr.
City, State, ZIP+4  Daly City, CA  94015

PS Form 3800, May 2000                    See Reverse for Instructions

Attachment(s) to Form N-335

Applicant:  Maya Canete Camara
Application for Naturalization, Form N-400
Alien Number: A044289385
Application ID: WSC*001048821
Page 1 of 3

Your application is hereby denied in accordance with the Title 8 Code of Federal Regulations
Section(s) listed below:

On November 13, 2003, you filed an application under Section 316(a) of the Immigration and Nationality Act, as amended, herein the Act.  On December 20, 2004, an officer of the Immigration and Naturalization Service interviewed you to determine your eligibility for naturalization. During that interview you testified that you had legally married only one time in your life to your spouse, Anthony Dave Tobias Gonzales, on April 19, 1995. To confirm this testimony, an affidavit of sworn testimony was taken, wherein you swore that you had never been married prior to October of 1993, that you were single when you immigrated to the United States, and that your child was born illegitimate. In your affidavit of sworn statement you further stated that you were married to your current spouse in 1991, "but was not a legally valid marriage. It was a marriage without marriage license."

A review of your immigrant record revealed that you subsequently immigrated to the United States on October 24, 1993, as an unmarried daughter of a United States citizen.

In an attempt to verify your testimony, an overseas investigation was conducted.  Results revealed that you had, in fact, married Anthony Gonzales on November 14, 1991 in the Philippines. Had you divulged your marital status at the time of your September 28, 1993 immigrant visa interview, your immigrant application would have been denied and the approval of your petition revoked.  It is noted that you signed a Statement of Marriageable Age Applicant at the time of your visa interview, representing that you had never been married and acknowledging that you would be rendered ineligible for immigration should you marry before immigrating to the United States. In addition, had you revealed that you were married at the time of entry into the United States on October 24, 1993 you would have been denied lawful entry into the United States, as you were excludable.

The Service acknowledges that you have submitted a decree/certificate of finality showing that you obtained a court order from Regional Trial Court in the Philippines, altering the marriage date from November 14, 1991 to October 24, 1993.  The Service cannot recognize this nunc pro tunc action.  The fact remains that you were legally married to Anthony Gonzales at the time you immigrated and you misrepresented that fact to this Service.

It is well-established law that the validity to a marriage is determined by the law of the place of celebration, in the Philippines. Matter of Gamero, 14 I. & N. Dec. 674 (BIA 1974).

Pursuant to Article 2 of the Philippine Family Code, no marriage shall be valid, unless these essential requisites are present:
  1. Legal capacity of the contracting parties who must be a male and a female; and
  2. Consent freely given in the presence of the solemnizing officer.

In addition, under Article 3 of the Philippine Family Law, the formal requisites of marriage are:
  1. Authority of the solemnizing officer;
  2. A valid marriage license except in the cases provided for in Chapter 2 of this Title;
  3. A marriage ceremony which takes place with the appearance of the contracting parties before the solemnizing officer and their personal declaration that they take each other as husband and wife in the presence of not less than two witnesses of legal age.

The absence of any of the essential or formal requisites shall render the marriage void ab initio, except as stated in Article 35 (2). See Article 4 of the Philippine Family Code.

DHS0040

Applicant: Maya Canete Camara
Application for Naturalization, Form N-400
Alien Number: A044289385
Application ID: WSC*001048821
Page 2 of 3

During your examination on December 20, 2004, you presented a certificate from the Regional Trial Court, Republic of Philippines, there is nothing in the court's decision or in the Service's record of proceeding to suggest that you or your husband lacked the intent or the capacity to marry. Furthermore, you were married in a civil ceremony before a minister, who is an authorized solemnizing officer pursuant to Article 92. To the contrary, it is clear in the decision of the Philippine court that the marriage was a blessed marriage by family members and later gave birth to your child from this marriage. The decision even goes as far to state that your husband did not want to complete this void ab initio process and was devastated in discovering that the marriage license was improperly registered. In fact, you received notice regarding the action and you failed to appear or submit any evidence in the case. Therefore, the Regional Trial Court did not have any knowledge as to the truth or falsity of the evidence being submitted.

Philippines Family Code stated "that an improperly registered marriage license gives the parties the right to void ab initio or annul an otherwise valid marriage". In the case of Matter of Agustin, 17 I. & N Dec. 14 (BIA 1979). Even if the marriage is found to be void ab initio, it would only deemed to be void from the date that the Regional Trial Court issued the order nullifying the marriage. As such, you wold have been a married daughter to a United States Citizen at the time your entry into the United States in 1993 as the decree was not issued until 2003.

It is well settled law that an annulment or nullity of a marriage being sought to cure an illegal entry based on the fact that the applicant's immigration status at the time of entry depended upon being unmarried in not recognized for immigration purposes. Matter of Wong, 16 I. & N. Dec. 87 (BIA 1977); see also Hendrix v. INS, 583 F.2d 1102 (9th Cir. 1978). Regardless of what effect the courts might give to a decree of annulmen, for immigration purposes, the Services is not obliged to give retroactive effect to it so as to cure a violation of law respecting entry into the United States. It is the marital status at the time of entry that should serve as the basis for one alien's preferment over others under the quota system. Hendrix v. INS, 583F.2d at 1103. When you applied for your immigrant visa, you did not indicate to former INS officials that you were married or that you had a child. You signed a statement of marriable age prior to your entry into the United States.

Section 316 of the Act provides in pertinent part that no person shall be naturalized unless immediately preceding the date of filing of his application for naturalization he has resided continuously in the United States for at least five years, after being lawfully admitted for permanent residence.

It is well settled that an alien who is excludable at entry does not acquire a lawful status. In Re Longstaff, 716 F.2d 1439 (5th cir. 1983) the court decided that an "admission is not lawful if it is regular only in form. The term lawfully denotes compliance with substantive legal requirements, no merely procedural regularity..." In the case of Monet v. INS, 791 F.2d 752 (9th cir. 1986); and the case of Matter of T, 6 I&N Dec. 136 (A.G. 1934), the court held that the alien's entry was not lawful because he obtained an immigration visa by fraud. In the case of Fedorenko v. United States, 449 U.S. 490 (1981), the court held that because an alien was not lawfully admitted to the United States, the applicant was ineligible for naturalization.

At the time you immigrated to the United States as an unmarried daughter of a United States citizen, you were ineligible for such status, as you were in fact married. Inasmuch as you were not lawfully admitted to the United States as a lawful permanent resident, you do not at this time meet the five years continuous residence requirement, and you are ineligible for naturalization.

In addition, during your interview before an officer of the Immigration and Naturalization Service, on November 16, 1999, you provided false testimony when you claimed that you were married one time. Section 316(a) of the Act states that "no person...shall be naturalized unless such applicant during the five years immediately preceding the date of filing his application...has been and still is a person of good moral character..."

DHS0041

Applicant: Maya Canete Camara
Application for Naturalization, Form N-400
Alien Number: A044289385
Application ID: WSC*001048821
Page 3 of 3

Title 8, Code of Federal Regulations, part 316.10(b)(2) delineates what does not meet the good moral character requirement, stating that "an applicant shall be found to lack good moral character if during the statutory period the applicant...(vi) Has given false testimony to obtain any benefit from the Act, it the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit..."

The Service finds that your false testimony, regarding your martial history, fails to demonstrate good moral character, as is required.

**In conclusion, you are ineligible for naturalization in that you have failed to establish that you are a person of good moral character and that you have the requisite continuous lawful permanent residence status in the United States. Therefore, your application must be and hereby is denied.**

DHS0042

# Exhibit 11

OMB No. 1615-0032; Expires 10/31/05
You may continue to use this form after expiration date.

## N-336, Request for a Hearing on a
## Decision in Naturalization Proceedings
### (Under Section 336 of the INA)

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

| For USCIS Only | |
|---|---|
| Decision:  ☐ Grant  ☐ Denial | Fee: |

| 1. In the Matter of: (Name of Naturalization Applicant) | File Number: |
|---|---|
| Maya Canete CAMARA | **A-** 44 289 385 |

**2. I am filing a request for hearing on the decision dated:** 10/20/2005

---

**3. Please check the one block that applies:**

a. ☐ I am **not submitting** a separate brief, statement or evidence.

b. ☒ I **am submitting** a separate brief, statement and/or evidence with this form.

c. ☐ I need _____ days to submit a brief, statement and/or evidence
to the USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

---

**4. Person filing request:**

Name (Type or print in black ink.)

Michael J. Gurfinkel, Esq.

| Address (Street Number and Name) | (Apt. Number) |
|---|---|
| 219 N. Brand Blvd. | |

| (City) | (State) | (Zip Code) |
|---|---|---|
| Glendale | CA | 91203-2609 |

| Signature | Date (mm/dd/yyyy) |
|---|---|
|  | 11/17/2005 |

☒ I am an attorney or representative and I represent the applicant requesting a hearing on a
naturalization proceeding. [You must attach a Notice or Entry or Appearance (Form G-28)
if you are an attorney or representative and did not previously submit such a form.]

(Person for whom you are appearing)

Maya Canete Camara

---

**5. Briefly state the reason(s) for this request for a hearing:**

Applicant made a lawful entry and is a person of good moral character in all respects. The

Service's decision not to apply the relation back doctrine is erroneous and unconstitutional.

See enclosed brief for further argument.

DHS0008

# Exhibit 12

U.S. , Jartment of Homeland Security
630 Sansome Street, Citizenship Branch
San Francisco, CA 94111



**U.S. Citizenship
and Immigration
Services**

Maya Camara
294 Avalon Drive
Daly City CA 94015

Refer to File Number:
A 44 289 385/N-336

## N-336 HEARING DECISION

On October 20, 2005, your application for naturalization was denied, and you filed timely a Form N-336, Request for Hearing on a Decision [in] Naturalization Proceedings. On December 19, 2005, a Review Hearing was conducted to allow you an opportunity to overcome the reasons for the denial of your application for naturalization.

Your application for naturalization, which was filed under Section 316(a) of the Immigration and Nationality Act (INA), was denied because you immigrated as an unmarried daughter of a United States citizen and were ineligible for such status as you were married, and, therefore, lacked the required five years legal permanent residence in the United States. Your application was also denied because it was determined that you gave false testimony concerning your marital status and therefore failed to demonstrate good moral character.

In your appeal to the decision, you provided the following rebuttal. Your marriage lacked a marriage license and therefore was void *ab initio* under paragraph 3 of Article 35 of the Family Code of the Philippines. You provided a decision of the Regional Trial Court, National Capital Judicial Region, Branch 107, Quezon City, Republic of the Philippines, dated July 28, 2003, and a decree/certificate of finality from the same court dated January 22, 2004, stating that the said marriage was declared void *ab initio* and that your child, Laurenz Anthony Camara Gonzales, was declared illegitimate. You maintained that the marriage was void and invalid, that is, that it was void from its inception rather than being a voidable marriage. Hence, your argument proceeded, because the marriage was declared void *ab initio* in the Philippines, the jurisdiction in which it was celebrated, the marriage cannot be valid for immigration purposes. Further, you contended that your misrepresentation was not material because you were not legally married and therefore not excludable.

The Service has reviewed the facts presented. It has determined that you have not sufficiently overcome in whole or in part the reasons for the denial of your application for naturalization, and your application remains denied.

Specifically, the Service considered the following information in making its determination. It is well established that the validity of a marriage is determined by the law of the place of celebration, in this case, the Philippines. Matter of Gamero, 14 I&N Dec. 674 (BIA 1974). Pursuant to Article 2 of the Family Code of the Philippines (Executive Order 209 dated July 6, 1987), no marriage shall be valid, unless these essential requisites are present:

1. Legal capacity of the contracting parties who must be a male and a female;
2. Consent freely given in the presence of the solemnizing officer.

DHS0003

A 44 829 385/N-336

Further, Article 3 of the Family Code of the Philippines states: "The formal requisites of marriage are:

      1. Authority of the solemnizing officer
      2. A valid marriage license except in the cases provided for in Chapter 2 of this Title;
      3. A marriage ceremony which takes place with the appearance of the contracting parties before the solemnizing officer and their personal declaration that they take each other as husband and wife in the presence of not less than two witnesses of legal age."

Furthermore, Article 4 of the Family Code of the Philippines states: "The absence of any of the essential or formal requisites shall render the marriage void *ab initio* except as stated in Article 35 (2). A defect in any of the essential requisites shall not affect the validity of the marriage, but the party or parties responsible for the irregularity shall be civilly, criminally and administratively liable."

Although you presented a decision and a decree/certificate of finality from the Regional Trial Court, Republic of the Philippines, declaring your marriage void *ab initio*, there is no evidence in the court's decision or in USCIS' record of proceedings to suggest that you or your husband lacked the intent or the capacity to marry. You married in a civil ceremony before a minister who was an authorized solemnizing officer pursuant to Article 7 of the Family Code of the Philippines on November 17, 1991 at the City Hall of Manila. Your parents and your husband's parents gave their consent to the marriage. In the marriage contract, the minister, Rev. Jullie Torres, certified knowing full well that he was civilly, criminally and administratively liable pursuant to Article 4 of the Family Code of the Philippines "that the Marriage License Number 9935890 issued at Carmona, Cavita, Philippines, on November 8, 1991, in favor of said parties (that is, you and your husband) was exhibited to me..." Your family secured all the documents needed and made the arrangements for the wedding. You stated to the Service that your son was born prior to the marriage ceremony on May 10, 1991 and provided a birth certificate verifying that birthdate. However, the court was informed that your son was born on May 10, 1992, subsequent to the marriage ceremony. Thus, the decision stated that your marriage was blessed with a son born May 10, 1992. The Court noted that your husband cried when informed that the marriage license was improperly registered. You advised your husband to initiate proceedings to void your marriage. Your attorney, Mr. Michael Gurfinkel, secured a certification from the Civil Registrar of Carmona, Cavite, Philippines, dated August 2, 2001 that no marriage license was issued to you and your husband but instead was issued in favor of Rolando Sarenas and Cristina Francisco. You and your husband were summoned by the court; both of you failed to file your responsive pleadings. And although you were notified of the proceedings, you failed to appear. Therefore, the Regional Trial Court did not have any knowledge as to the veracity of the evidence being submitted. Because the State had nothing to present to rebut your husband's evidence, the court declared the marriage void *ab initio* and declared your child illegitimate on July 28, 2003. Moreover, the Service noted that you initiated steps to have the marriage declared void *ab initio* only after a previous application for naturalization was denied. That application was also denied because you were married and entered the United States as a child of a U.S. citizen and thus, were ineligible for the visa.

And lastly, while you contended that the license was issued to another couple and therefore, was invalid, it is noted that the Family Code of the Philippines is silent in stating that an improperly registered marriage license gives the parties the right to void *ab initio* or annul an otherwise valid marriage. Article 4 of the Family Code of the Philippines states in pertinent part: "A defect in any of the essential requisites shall not affect the validity of the marriage..."

In Matter of Agustin 17 I &N Dec. 14 (BIA 1979), plaintiff argued that her Philippine marriage was not valid because she did not freely consent, a valid marriage license was not issued, and the marriage was not properly solemnized. The BIA, however, determined that the marriage defects referred to did not appear to be fatal to the validity of the marriage. Id at 15. The BIA also determined that whether the marriage ceremony was voidable is immaterial since a voidable marriage is regarded as valid until annulled or otherwise terminated. Id. At 16. Using the same reasoning, even if the marriage was found to be void *ab initio*, it would only deemed to be void from the date that the Regional Trial Court issued the

A 44 829 385/N-336

order nullifying the marriage.  Hence, you were a married daughter at the time of entry into the U.S. in 1993 as the decree was not issued until 2003.

Marriages declared void at inception or annulled will not relate back to cure a ground of exclusion…at the time of entry where the alien entered the United States in an immigrant status dependent on his being unmarried.  Matter of Astorga 17 I&N Dec. 1 (BIA 1979); Matter of Wong, 16 I&N Dec. 87 (BIA 1977); Matter of R__J__, 7 I&N Dec. 182 (BIA 1956), reaffirmed.  See also Hendrix v. INS, 583 F.2d 1102 (9th Cir. 1978).  Regardless of the effect of the courts concerning a decree of annulment, for immigration purposes, USCIS is not obliged to give retroactive effect to it so as to cure a violation of law respecting entry into the United States.  It is the marital status at the time of entry that should serve as the basis for one alien's preferment over others under the quota system.  Hendrix V. INS, 583 F.2e at 1103.  When you applied for your immigrant visa, you did not indicate to legacy INS officials that you were married or that you had a child from your marriage.  You signed a statement of marriageable age applicant, Form OF-237, prior to your entry into the U.S.  You misrepresented both your marital status and that you had a child from the marriage.  You continued to misrepresent both during your second application for naturalization (filed December 9, 1998) which was denied.  Finally, it was only after the Service denied that naturalization application that you advised your husband to go to the Philippines Regional Trial Court on the counsel of your attorney to secure a nullity of marriage.  The evidence described above supports the Service's determination that you lied to obtain an immigration benefit you were not entitled to and would not have obtained had you spoken the truth about your marital status.

Section 336.9(b) of Title 8, Code of Federal Regulations provides for a further review of your qualifications for naturalization under your current application.  To request such a review, you must file a petition for review with the United States District Court having jurisdiction of your place of residence, in accordance with Chapter 7, Title 5, United States Code, within not more than 120 days of the date of this decision.


David N. Still
District Director

cc:  Michael Gurfinkel

CIS:DIADN:KMCMAHON:07142006

DHS0005

3